## METROPOLITAN BINDERY, Inc., v. SOHL.

(Supreme Court, Appellate Term, First Department.   December 18, 1913.)

1. CONTRACTS (§ 322*)—PERFORMANCE—EVIDENCE.

Where one who had contracted to bind books in accordance with a dummy showing the manner in which the books were to be bound, which was submitted at the time of the making of the contract, brought suit for services and materials furnished in binding books, the dummy was admissible on the issue of due performance; the dummy taking the place of specifications.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

2. CONTRACTS (§ 305*)—BREACH—WAIVER.

Where a third person, printing books for defendant, delivered them to plaintiff for binding, and plaintiff delivered them to defendant's customer, plaintiff was not relieved from liability to defendant for unskillfulness in doing the work merely because defendant did not return the books, and his retaining them was not a waiver of a claim for damages.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1398, 1399, 1400, 1463, 1464, 1467–1475; Dec. Dig. § 305.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Metropolitan Bindery, Incorporated, against Arthur N. Sohl.  From a judgment of the Municipal Court for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Frederick H. Schwegler, of New York City (Andrew C. Troy, of New York City, of counsel), for appellant.

Isaac B. Reinhardt, of New York City, for respondent.

PAGE, J.   [1] The action was to recover for work, labor, and services and materials furnished in binding 10,000 books; 7,500 being paper-bound, and 2,500 cloth-bound.   At the time of making the contract plaintiff submitted a "dummy" of the cloth-bound books.   It is conceded that 2,360 of the 2,500 cloth-bound books did not comply with this dummy, in that there was no crash glued to the back of the leaves and fastened to the covers, and because of this the covers were easily detached.   The learned justice excluded this dummy from the evidence on the ground that it formed no part of the contract.   In this he erred.   The dummy showed the manner in which the books were to be bound, and took the place of a specification, and should have been admitted in evidence.

[2] These books were bound in a most careless and unworkmanlike manner.   Leaves in many instances were roughly folded, so that a portion of the printed page was cut off in trimming the edges and portions of the printed page opposite on the same sheet were stitched in.   This was clearly the fault of the binder.   The learned justice also ruled out defendant's evidence and dismissed the counterclaim, upon

the ground that the defendant should have returned the books, and, having retained them, he waived claims for damages. The books were printed for the defendant, and by the printer delivered to the binder, and by the binder delivered to defendant's customer. We know of no rule of law that requires a person who has delivered partly manufactured materials to one for further manufacture to return the completed article to the artisan who has ruined the material by his negligent and unworkmanlike work.

There were numerous errors in the rulings upon the admission and exclusion of evidence, referable largely to the erroneous theory upon which the case was tried. As they will probably not be repeated on a retrial, a discussion of these errors is not necessary.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.